UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
KEWEI CHEN, *individually and on behalf of all others similarly situated*,

                                                       **ORDER**
                                Plaintiff,                 18-CV-6659 (JMA) (ARL)

            -against-

ANZAI ASIAN INC. ET AL.,

                              Defendants.
------------------------------------------------------------------------X
**AZRACK, United States District Judge:**

      Before the Court is the motion of plaintiff Kewei Chen ("Plaintiff") for default judgment against defendants Anzai Asian Inc., Anzai Asian East Meadow, Inc., Hongyan Shen, and "Andy" Chen (first name unknown) ("Defendants") for $37,611.79 plus $10,341.00 in attorneys' fees and costs. For the reasons stated herein, Plaintiff's motion is GRANTED and Plaintiff is awarded a default judgment against Defendants in the amount of $46,238.25.

## I.  DISCUSSION

### A.  Defendants Defaulted

      Defendants, who have not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

### B.  Liability

      When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Here, Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL").  Specifically, Plaintiff alleges that Defendants failed to pay overtime wages due under due under the NYLL and the FLSA, failed to pay compensation for spread of hours under the NYLL, and failed to provide Plaintiff with the notice and information required by NYLL § 195.  The Court finds that the allegations in the complaint are sufficient to establish Defendants' liability under the FLSA and NYLL.

## C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff requests damages in the amount of $37,611.79, including unpaid overtime compensation and spread of hours premium, liquidated damages under the NYLL, failure to provide notice and statements under the NYLL, and prejudgment interest.  The Court finds that Plaintiff's submissions, including the Declaration of Ken H. Maeng and the accompanying exhibits to that declaration, establish, exclusive of interest, damages of $36,401.56 to a reasonable degree of certainty.  (ECF No. 20.)  Plaintiff has established back-pay, including unpaid overtime compensation and spread of hours premium, in the amount of $13,825.78, liquidated damages for the NYLL claims in the amount of $13,825.78, and statutory penalties for notice of pay violations in the amount of $8,750.00.

Plaintiff also seeks prejudgment interest on the NYLL claims. Plaintiff is entitled to recover prejudgment interest at a rate of nine percent (9%) per year on the unpaid wages. See NYLL § 198(1-a); N.Y. C.P.L.R. §§ 5001, 5004. Accordingly, Plaintiff is entitled to nine percent annual interest on unpaid wages damages from September 21, 2018, until the date judgment is entered. Plaintiff is entitled to interest in the amount of $2,730.69.[1]

Accordingly, Plaintiff is entitled to $39,132.25 in damages.

### E. Attorneys' Fees and Costs

Plaintiff requests an award of $9,565.00 in attorneys' fees and $776.00 in litigation costs incurred in litigation this action. Plaintiff is entitled to reasonable attorneys' fees and costs under both the FLSA and NYLL. 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013) (summary order). In determining a reasonable attorneys' fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

In support of the application for attorneys' fees, Plaintiff includes a declaration from Ken H. Maeng which includes contemporaneous billing records from the law firm representing Plaintiff, Hang & Associates, PLLC. (ECF Nos. 20, 20-9.) Plaintiff requests $350 per hour for

---

[1] ($13,825.78 x 0.09/365 x 801 days (from September 21, 2018 to November 30, 2020)) = $2,730.69

3

3.6 hours of work done by Jian Hang, principal attorney, and $275 per hour for 30.2 hours of work done by associates, Ken Maeng and Xiaoxi Liu.

"In recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates. . . Some judges have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." Payamps v. M & M Convenience Deli & Grocery Corp., No. 16-CV-4895, 2019 WL 8381264, at *15 (E.D.N.Y. Dec. 9, 2019) (internal citations and quotation marks omitted); see also Mei Chun Poon v. Apple NYC Corp., No. 17-CV-9647, 2019 WL 75674, at *12 (S.D.N.Y. Jan. 2, 2019) (finding rate of $350 per hour is appropriate for Mr. Hang). The Court thus finds that the rate of $350 per hour for Mr. Hang, the principal attorney at Hang & Associates, PLLC, is appropriate.

Mr. Maeng graduated from law school in 2016 and states that he has "experience in a wide variety of labor matters," has "successfully litigated numerous employment law cases on Defendant's side, including matters involving the FLSA and NYLL, and "independently handle[s] a case load of over fifty cases which includes client intake, discovery, depositions, motion practice, settlement and possible trial." (ECF No. 20 at ¶ 31.) Mr. Maeng would have been a third- or fourth-year associate at the time of the relevant billing records. Courts in this district typically award around $150 to $200 for associates with either three or four years of experience. See Sooroojballie v. Port Auth. of New York & New Jersey, No. 15-CV-01230, 2020 WL 6149665, at *5 (E.D.N.Y. Sept. 22, 2020) (report and recommendation), adopted by 2020 WL 6146880 (E.D.N.Y. Oct. 20, 2020) (collecting cases). Accordingly, the Court finds a rate of $200 per hour to be reasonable for Mr. Maeng.

Plaintiff provided no information about Xiaoxi Liu including Liu's experience level. As "no information has been provided to support the hourly rate of the associate[] on this matter, [this Court finds] that the hourly rates for [the] associate be reduced to the lowest associate rate in the range, $100.00 per hour." Lu Nan Fan v. Jenny & Richard's Inc., No. 17-CV-6963, 2019 WL 1549033, at *14 (E.D.N.Y. Feb. 22, 2019) (report and recommendation), adopted by 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019) (quoting Xi Qun Xu v. JNP Bus Serv. Inc., No. 16-CV-245, 2018 WL 1525799, at *10 (E.D.N.Y. Feb. 26, 2018)) (reducing the rate for Hang & Associates, PLLC associates, including Liu, where no information was provided about the associates). This Court, therefore, finds an hourly rate of $100 for Liu is appropriate.

Accordingly, Plaintiff is awarded $350 per hour for 3.6 hours of work done by Mr. Hang, $100 per hour for 9.7 hours of work done by Liu, and $200 per hour for 20.5 hours of work done by Mr. Maeng for a total attorneys' fee award of $6,330.00

Plaintiff requests litigation costs in the amount of $776.00. Having reviewed the declaration from Mr. Maeng and attached billing records, the Court determines these to be reasonable out-of-pocket expenses. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (citation omitted).

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendants as follows:  Defendants are jointly and severally liable to plaintiff, Kewei Chen, for $46,238.25.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: November 30, 2020
Central Islip, New York

                      /s/  (JMA)
                   JOAN M. AZRACK
                   UNITED STATES DISTRICT JUDGE